# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Brandon Kerby, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 25 C 2575 |
| v. ) | |
| ) | Hon. Franklin U. Valderrama |
| Thomas Dart, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Brandon Kerby's complaint may proceed. The Court directs the Clerk of Court to (1) file the complaint [1]; (2) issue summonses for service of the complaint on Defendants Guarascio and Bell; (3) send Kerby two blank USM-285 service forms, instructions for completing the forms, and a copy of this Order; and (4) send the United States Marshals Service a copy of this Order. Because Kerby did not demonstrate that he is unable to pay a service fee, he is not entitled to service at government expense. *See* Fed. R. Civ. P. 4(c)(3). Kerby is therefore responsible for having the summonses and complaint served on Defendants. To effectuate service of process he may employ the Marshals Service or use any other method permitted by Federal Rule of Civil Procedure 4. If Kerby employs the Marshals Service, he must (1) submit to the Marshals Service a deposit of $65.00 for each Defendant (or $130.00) and (2) submit to the Clerk of Court a completed USM-285 service form for each Defendant. Payment can be made by cashier's check, certified check, or money order payable to "US Marshals Service" and mailed to 219 S. Dearborn Street, Ste 1168 / Attn: Civil Division, Chicago, IL 60604. Kerby must write the case number on the check or envelope. For efficiency, the Court appoints the Marshal to serve Defendants Guarascio and Bell but notes that the Marshal will take no action until the deposit is paid and the USM-285 service forms are received. Kerby must either pay the Marshal's fee or file a status report with this Court by May 21, 2025, indicating how he intends to accomplish service and should be aware that failure to serve Defendants within 90 days of the entry of this Order may result in dismissal of this case. *See* Fed. R. Civ. P. 4(m). Kerby also must promptly update his address if it changes while this case is open. If he does not keep the Court informed of his address, this lawsuit may be dismissed with no further notice. For the reasons discussed below, the Court denies Kerby's motion for attorney representation [4] without prejudice and with leave to refile at a later stage of the case.

## STATEMENT

Plaintiff Brandon Kerby, an inmate at the Illinois River Correctional Center, has brought this action under 42 U.S.C. § 1983 alleging that staff at the Cook County Jail failed to protect him from a sexual assault by his cellmate while Kerby was a pretrial detainee. His complaint may proceed against Defendants Guarascio and Bell, but the remaining defendants are dismissed.

The Court is required to screen a prisoner's complaint and dismiss it if the complaint "is frivolous, malicious, fails to state a claim on which relief may be granted" or if it "seeks monetary relief against an immune defendant." 28 U.S.C. § 1915A(b)(1)-(2). A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and the facts alleged "must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (both cases addressing Fed. R. Civ. P. 8(a)(2)'s federal notice-pleading requirement). The Court liberally construes complaints filed without the assistance of a lawyer, *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022), "accept[ing] all well-pleaded facts as true and draw[ing] reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Kerby alleges that, on August 18, 2023, Officers Guarascio and Bell handcuffed him and locked him in his cell, even as Kerby told them "several times" that he was afraid his cellmate would sexually assault him and that the handcuffs would make him unable to protect himself. Dkt. 1, Compl. at 4. Once Kerby was locked in his cell, he asked several passing officers to take off the handcuffs as they passed during security checks. *Id.* His cellmate later beat him unconscious and sexually assaulted him. *Id.*

Kerby alleges that Superintendent Cobble is liable for failing to adequately train officers at Cook County Jail "to prevent the misconduct stated in this claim." Compl. at 5. He also seeks to hold "Classification" liable for housing him in the Division 9 rehabilitation unit where the assault occurred. *Id.* According to Kerby, he should have been housed in general population. Kerby also seeks to hold Sheriff Tom Dart liable for failing to adequately train and supervise officers and for being deliberately indifferent to detainees' safety.

Because Kerby was a pretrial detainee, his claims arise under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). To make out a conditions-of-confinement claim under the Fourteenth Amendment, a pretrial detainee must plausibly allege that the defendants intentionally or recklessly exposed him to an objectively serious condition and that they acted in an objectively unreasonable manner with respect to that condition. *Kemp v. Fulton Cty.*, 27 F.4th 491, 495 (7th Cir. 2022); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019); *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018).

Kerby has stated a claim that Officers Guarascio and Bell violated his Fourteenth Amendment rights. Guards violate the Fourteenth Amendment when they act "purposefully, knowingly, or perhaps even recklessly" with respect to a detainee's need for protection and where their response is objectively unreasonable. *Kemp*, 27 F.4th at 495. Here, Kerby alleges that he told the defendants several times that he feared his cellmate would sexually assault him because the cellmate was "making sexual comments and advances" but that the defendants disregarded his fears and locked him in his cell with handcuffs on. The allegations support an inference that the guards acted objectively unreasonably by leaving him restrained in his cell despite their knowing of the threat to Kerby. As a result, Kerby was allegedly beaten and sexually assaulted by his cellmate.

The remaining defendants are dismissed. Cobble and Dart are not liable for their employees' misconduct simply by virtue of being supervisors—§ 1983 does not impose vicarious

liability on supervisors. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Kerby couches his allegations against these defendants in terms of local government liability pursuant to *Monell v. Dept. of Social Serv*s., 436 U.S. 658 (1978), alleging that they failed to train, supervise, and discipline Guarascio and Bell. Thus, he proceeds against Cobble and Dart in their official capacities, and such a claim is "against the entity of which that official is an agent." *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2009). But Kerby has not alleged any facts supporting an inference that this incident happened because of Cobble's or Dart's failure to train and supervise, and he cannot state a claim simply by stating his conclusion that they are liable for such failures. *Twombly*, 550 U.S. at 545 (explaining that a complaint requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). "Generic allegations—based on a single experience—are not enough" to state a *Monell* claim. *Petropolous v. City of Chicago*, 448 F. Supp. 3d 835, 843 (N.D. Ill. 2020). Dart and Cobble are accordingly dismissed from this action.

Nor can Kerby proceed against "Classification," presumably the department of jail employees that assigns detainees to be housed in particular areas. Kerby cannot sue a group of jail employees without alleging any of those employees' personal involvement in violating his constitutional rights, nor is a particular section of the jail's staff a legal entity subject to suit. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (explaining that the county jail is not a legal entity subject to suit). A plaintiff bringing a § 1983 claim must plead the defendants' personal involvement in the alleged constitutional violation, *see Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015), and Kerby has not done so with respect to any Classification employees.

The Court directs the Clerk of Court to issue summonses for service of the complaint on Defendants Guarascio and Bell, and to send Kerby two blank USM-285 (Marshals Service) forms. Because Kerby did not demonstrate that he is unable to pay a service fee, he is not entitled to service at government expense. *See* Fed. R. Civ. P. 4(c)(3). Kerby therefore is responsible for having the summonses and complaint served on Defendants within 90 days. Fed. R. Civ. P. 4(m). He should refer to the Order section above for further instruction.

For efficiency, the Court appoints the United States Marshal to serve Defendants Guarascio and Bell and directs the Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of Cook County who can no longer be found at the work address provided by Kerby, County officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or showing proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the court file or disclosed by the Marshal, except as necessary to serve a Defendant. The Court authorizes the Marshal to send a Rule 4(d) request for waiver of service before attempting personal service.

The Court instructs Kerby to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document he submits must include a certificate of service indicating the date on which he gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to him. Kerby must promptly

update his address if it changes while this case is open. If he does not keep the Court informed of his address, this lawsuit may be dismissed with no further notice. Buss should keep a copy of any documents he submits to the Court.

Kerby's motion for attorney representation is denied without prejudice. There is no right to court-appointed counsel in federal civil cases, but the Court may recruit a lawyer to represent an indigent litigant on a *pro bono* basis. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). In deciding whether to recruit counsel, the Court must determine whether (1) the plaintiff has made a reasonable attempt to obtain counsel on his own or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Id.* (citing *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). Because recruited counsel is a limited resource, the Court may also consider the importance and likely merits of the party's claims. *Id.* at 763.

Kerby represents that he has made efforts to find his own counsel, so the Court here focuses on the second *Pruitt* factor. At this juncture, this case does not appear overly complex, and Kerby's complaint has survived screening. His complaint is succinct, clear, and states a claim, indicating that he is sufficiently able to litigate his claim, for now. It is too early to tell how he will fare as this case progresses. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (counsel is often considered unnecessary during the early "infancy" stage of a case since a court usually cannot accurately determine a litigant's need for representation). The dismissal of his motion for counsel is without prejudice, meaning that the Court may be willing to revisit the issue if it becomes apparent that this matter is too complex for Kerby to litigate himself.

Dated: April 30, 2025

_____
United States District Judge
Franklin U. Valderrama

4